PER CURIAM.
Appellant suffered a summary judgment in the trial court and appeals.
As the shipper of household goods, in interstate commerce, appellant contends he was not bound by a contractual statute of limitations contained in the bill of lading as he did not receive a copy and did not sign the same.
The record and admissions clearly show that the appellant-shipper did receive a copy of the contract, i. e. bill of lading. We find no error in this point.
In American Railway Express Co. v. Lindenburg, 260 U.S. 584, 43 S.Ct. 206, 67 L.Ed. 414, the court said:
% iji >}c % %
“ * * * ‘It is sufficient if the shipper accepts the carrier’s bill of lading without himself signing it. It becomes binding upon him by his acceptance, he being presumed to know and accept the conditions of the written bill of lading.’ The respondent, by receiving and acting upon the receipt, although signed only by the petitioner, assented to its terms, and the same thereby became the written agreement of the parties. * * * ”

We find no reversible error in the point that the contract, i. e. bill of lading, was not effective because it was not signed by the shipper, under the circumstances herein.
The judgment appealed is
Affirmed.